DAVOL, INC.

v.

John SOUZA, Jr.

No. 83–130–M.P.

Supreme Court of Rhode Island.

May 9, 1985.

John Earle, Breslin & Sweeney, Warwick, for petitioner.

Raul L. Lovett, Lovett Morgera Schefrin & Gallogly, Ltd., Providence, for respondent.

OPINION

BEVILACQUA, Chief Justice.

The employee, John Souza, Jr., seeks counsel fees for having successfully defended a petition for writ of certiorari that sought to review a decision of the State Director of Labor granting the employee's request for payment of medical bills pursu-

ant to G.L.1956 (1979 Reenactment) § 28–33–9.[1]

The employee filed a petition with the director of labor pursuant to § 28–33–9, alleging that he sustained noise-induced loss of hearing in the course of his employment. He requested payment of a $130 medical bill and counsel fees.

The director subsequently found that the employee had suffered an injury arising out of his employment that resulted in no incapacity; however, the director found that employer was liable for the injury and that the medical services rendered were necessary for the proper treatment of the injury. He accordingly ordered employer to pay employee's medical bill and counsel fees. The employer's petition for a writ of certiorari was denied by the court.

The sole issue before the court is whether § 28–33–9 permits an award of counsel fees for successfully defending against a petition for writ of certiorari. For the following reasons, we believe the director of labor is permitted to make such an award.

■ We note at the outset that G.L.1956 (1979 Reenactment) § 28–35–32 [2] applies only to proceedings before the Workers' Compensation Commission and not to matters, such as those in the instant case, coming within the jurisdictional purview of the director of labor.

Section 28–33–9 provides in pertinent part:

"The director of labor shall award costs, including counsel fees and fees for medical and other expert witnesses to *employees who successfully prosecute petitions for medical expenses* in proceedings under this section. Such costs shall be assessed against the employer by the director of labor and shall be made part of the decision. (Emphasis added.)

■ In the case before us employee has successfully filed a petition for medical ex-

1. General Laws 1956 (1979 Reenactment) § 28–33–9 states:

"**Order declaring employer liable for medical services.**—When an injury results in no incapacity or incapacity of less than three (3) days and the employer fails to authorize reasonable medical, dental and hospital services, orthopedic or other medically prescribed appliances, ambulance charges and medicines necessary for the treatment of the injury, the director of labor may upon his own motion, or shall upon petition filed by the employee after hearing declare the employer liable therefor, whenever in his opinion the same was necessary for the proper treatment of the injury. The director of labor shall determine questions of liability for injuries sustained under the provisions of this title in petitions filed under this section. The director of labor shall determine the reasonableness of fees for such services and shall when necessary authorize the payment of medical expenses in excess of the maxima set forth in § 28–33–5. The director of labor shall award costs, including counsel fees and fees for medical and other expert witnesses to employees who successfully prosecute petitions for medical expenses in proceedings under this section. Such costs shall be assessed against the employer by the director of labor and shall be made part of the decision. No employee's attorney shall accept any other additional fee for his services for the particular petition for which the fee is awarded in each case by the

director of labor. The decision of the director of labor shall be final, and said director of labor shall have the power to prosecute actions for contempt before the workers' compensation commission to enforce compliance with such decisions."

2. General Laws 1956 (1979 Reenactment) § 28–35–32 states in pertinent part:

"In proceedings under said chapter, and in proceedings under chapter 37 of this title, costs shall be awarded, including counsel fees and fees for medical and other expert witnesses including interpreters, to employees who successfully prosecute petitions for compensation, petitions for medical expenses, petitions to amend preliminary agreements and all other employee petitions, except petitions for lump sum commutation, and to employees who successfully defend, in whole or in part, petitions for review filed by employers. Such costs shall be assessed against the employer by a single commissioner, by the full commission on appeal and by the supreme court on appeal consistent with the services rendered before each tribunal and shall be made a part of the decree. No employee's attorney shall accept any other or additional fees for his services for the particular petition for which the fees are awarded in each tribunal. No costs or counsel fees shall be awarded to an employee whose petition is filed within twenty-one (21) days of the date of his injury."

penses under the provisions of § 28–33–9. Successful prosecution necessarily entails defending an award on appellate review. Although the statute does not make explicit provision for an award of counsel fees in an instance in which review by writ of certiorari has been sought, an award of counsel fees in the circumstances is consonant with the intent of the statute.

■ The director of labor is therefore empowered under the terms of § 28–33–9 to make an award of counsel fees to an employee who successfully defends an award of medical expenses against an employer's petition for writ of certiorari.

The petition for counsel fees is allowed, and the case is remanded to the director of labor for an award of a reasonable fee.